IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TAMMY L. CALEF,
        **Plaintiff,**

V.                                          **CIVIL ACTION NO: 1:06-CV-47**

FEDEX GROUND PACKAGE SYSTEM, INC.,
        **Defendant.**

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S *IN LIMINE* MOTION
REGARDING ADMISSIONS OF DEFENDANT'S AGENTS
<u>CONCERNING PLAINTIFF'S IMPAIRMENT</u>**

**I. PROCEDURAL HISTORY**

Plaintiff, Tammy Calef, has brought suit under the West Virginia Human Rights Act alleging that certain adverse employment actions taken against her by the Defendant were motivated by sex and/or disability discrimination. The trial of Ms. Calef's causes of action is scheduled to commence on August 7, 2007.

On July 16, 2006 the Defendant filed a single paper including motions for and arguments associated with a total of six *in limine* motions. The fifth of these motions seeks the exclusion of any evidence of the party-opponent admissions of its agents, Gates McDonald and The Hartford Insurance Company admissions regarding Plaintiff's impairment. Plaintiff now makes her response to this fifth of the Defendant's *in limine* topics.

**II. RELEVANT BACKGROUND FACTS**

Ms. Calef was compensated through fringe benefits which included Short-Term (STD) and Long-Term (LTD) disability coverage. In connection with the STD coverage of its employees, the Defendant contracted out the "paper work" to Gates McDonald. In correspondence to Defendant's employees, Gates McDonald expressly disavowed any

responsibility for both benefit determinations and payment of benefits, as the same were within the sole decision making authority of the Defendant. See attached 9/3/04 Gates McDonald letter (disclaimer in footer).

With respect to the LTD disability coverage, the Defendant delegated its authority to make benefit eligibility determinations and interpret Plan terms to the Hartford Insurance Company, but, nevertheless, choose to continue in its position as the Plan Administrator. As a result, the Defendant remains ultimately responsible for any eligibility determinations made under the Plan. It is for this reason that employees who wish to appeal a decision on Plan benefits are instructed to serve the Defendant's Agent for Service of Legal Process. *See* Plaintiff's Trial Exhibit 78, bates #46. As a consequence, both Gates McDonald and The Hartford Insurance Company are necessarily agents of the Defendant.

Rule 801 of the Federal Rules of Evidence provides for admissions by party opponents which are not hearsay. Specifically, Rule 801(d)(D) provides that a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship is a party admission.

In the instant case, both Gates McDonald and The Hartford Insurance Company determined that Ms. Calef was unable to perform her work as a Service Manager III .[1] These decisions a matters within the scope of their agency relationship with the Defendant. Moreover, these decisions were made during the existence of the agency relationship with the Defendant. Thus, as its agents determined that Ms. Calef was disabled, Rule 801 instructs that the Defendant

---

[1] It should be noted that these determinations were premised upon inaccurate job descriptions provided to both Gates McDonald and the Hartford Insurance Company by the Defendant. See Plaintiff's Memorandum Opposing Summary Judgment, 16-17.

necessarily admits that it concluded Ms. Calef was disabled.

### III. CONCLUSION

For the foregoing reasons, Tammy Calef respectfully asks this Honorable Court to deny the Defendant's Motion *In Limine*, at issue. Ms. Calef further requests all such other and additional relief as this Honorable Court may deem proper in the interests of justice.

                    Respectfully submitted,
                    Plaintiff by Counsel

_____
Georgia Lee Gates #8547
310 Adams Street
Fairmont, West Virginia 26554
(304) 367-1137
georgialeegates@AOL.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TAMMY L. CALEF,
      **Plaintiff,**

V.                                                **CIVIL ACTION NO:  1:06-CV-47**

**FEDEX GROUND PACKAGE SYSTEM, INC.**
      **Defendant.**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 23rd day of July, 2007, the foregoing "Plaintiff's Memorandum in Opposition to Defendant's *in Limine* Motion Regarding Admissions of Defendant's Agents Concerning Plaintiff's Impairment" was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record:

April Morgan Hincy, Esquire
Eckert Seamans Cherin & Mellott
2400 Cranberry Square
Morgantown, WV  26508-9209
Fax:  304-598-1181
Email:  ahincy @eckertseaman.com

Joseph P. McHugh, Esquire
FedEx Ground Package System, Inc
1000 FedEx Drive
Moon Township, PA  15108
Fax:  412-859-5450
Email:  joseph.mchugh@fedex.com

J. John Myer, Esquire
Christina I. Kepplinger, Esquire
Eckert Seamans Cherin & Mellott
600 Grant Street, 44th Floor
Pittsburgh, PA  15219
Fax:  412-566-6099
Email: jmyers@eckertseaman.com

/s/_____
Georgia Lee Gates #8547
310 Adams Street
Fairmont, WV  26554
(304) 367-1137
georgialeegates@AOL.com