```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**TAMMY L. CALEF,**

      **Plaintiff,**

v.  //   CIVIL ACTION NO. 1:06CV47
                                            (Judge Keeley)

**FEDEX GROUND PACKAGE SYSTEM, INC.,**

      **Defendant.**

### ORDER FOLLOWING FINAL PRETRIAL CONFERENCE

On July 26, 2007, the Court held a final pretrial conference at which it **GRANTED-IN-PART** and **DENIED-IN-PART** defendant's pending motion for summary judgment and also ruled on all pending motions in limine.

- Defendant's Motion In Limine (dkt no. 146)-
    - **Paragraphs 1-3- GRANTED**;
    - **Paragraphs 4-6- DENIED** to the extent that such evidence is being offered to establish any emotional distress, embarrassment and humiliation suffered by the plaintiff as a result of the defendant's alleged failure to provide a reasonable accommodation;
    - **Paragraphs 7-12- DENIED** to the extent that such evidence is being offered to establish Carolyn Lyle's responsibilities as the Senior Manager of Diversity/Equal Employment Opportunity at FedEx Ground, the reasons why she conducted an investigation into the complaint made by the plaintiff, and the actions he took in conducting her investigation. Plaintiff, however, is prohibited from offering opinions developed by Lyle outside of her investigation and following her employment with FedEx Ground;
    - **Paragraphs 13-16- DENIED AS MOOT** because plaintiff cannot call her rebuttal vocational expert, Cathy S. Gross, in light of the defendant's decision not to call its vocational expert;

- ▸ **Paragraphs 17-19- DENIED** to the extent that the plaintiff intends to introduce evidence of information provided by FedEx to the third-party administrators of the short-term and long-term disability plans concerning the plaintiff, but **HELD IN ABEYANCE** as to whether the plaintiff may argue that the award of long-term and short-term disability benefits under these Plans were admissions by FedEx that it regarded the plaintiff as disabled;
- ▸ **Paragraphs 20-21, 23- HELD IN ABEYANCE** and the parties were provided seven days in which to submit additional authority, limited to five pages, on the issue of damages;
- ▸ **Paragraphs 22- DENIED** to the extent that the defendant asked the Court to rule as a matter of law that the plaintiff failed to mitigate her damages past the date on which she applied for law school, but the parties were provided seven days in which to submit additional authority, limited to five pages, on the issue of damages;
- ▸ **Paragraphs 24- DENIED.**

- Plaintiff's Motion <u>in</u> <u>limine</u> regarding Collateral Source Benefits (dkt no. 147)- **HELD IN ABEYANCE** and the parties were provided seven days in which to submit additional authority, limited to five pages, on the issue of damages.

It is **SO ORDERED.**

The Clerk is directed to transmit copies of this order to counsel of record.

DATED: July 30, 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE