IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TAMMY L. CALEF,**

    **Plaintiff,**

**v.**                              **CIVIL ACTION NO. 1:06CV47**
                                                **(Judge Keeley)**

**FEDEX GROUND PACKAGING SYSTEM, INC.,**

    **Defendant.**

## ORDER FOLLOWING DECEMBER 6, 2007 MOTION HEARING

On December 6, 2007, counsel for the parties appeared, by telephone, for a hearing on plaintiff Tammy Calef's ("Calef") "Objections to the Magistrate Judge's November 15, 2007 Order/Opinion Denying Her Motion to Reopen Discovery" (dkt. no. 190). For the reasons stated on the record and outlined below, the Court sustained Calef's objections, and ordered that defendant FedEx Ground Packaging System, Inc. ("FedEx") provide Calef with the requested discovery within fifteen (15) days.

On September 20, 2007, months after the close of discovery, and after the Court held a final pretrial conference in the case and ruled on all pending dispositive motions and motions in limine, FedEx made an offer of reinstatement to Calef which she rejected. On October 22, 2007, Calef filed a motion for leave to reopen discovery, for the sole purpose of determining whether that offer of reinstatement had been made in good faith. Calef believes that FedEx may have had other job openings that it did not offer to her, and that the only reason FedEx offered her this position is because

the Court had recently ruled that Calef had no duty to mitigate her damages because she was still an employee of FedEx, and that FedEx was not entitled to an offset from any back pay award that Calef may receive, equal to the amount of short-term and long-term disability benefits received by her. Because Calef believes that FedEx will defend the case, in part, on the basis that any award of back pay that may be due to Calef will toll from its unconditional offer of reinstatement, she requested the opportunity to engage in limited discovery concerning whether or not the offer was made in good faith.

On November 15, 2007, Magistrate Judge Kaull issued an Order/Opinion denying Calef's motion to re-open discovery. The instant objections followed.

In <u>Ford Motor Co. v. Equal Employment Opportunity Commission</u>, 458 U.S. 219, 241 (1982), the Supreme Court held that "absent special circumstances, the rejection of an employer's unconditional job offer ends the accrual of potential backpay liability." The West Virginia Supreme Court of Appeals adopted the <u>Ford Motor</u> rule in cases brought under the West Virginia Human Rights Act. <u>Dobson v. Eastern Associated Coal Corp.</u>, 422 S.E.2d 494 (W.Va. 1992).

During the December 6, 2007 hearing, the Court ruled that, in arguing that any back pay damages due to Calef should toll from the

date of its offer of reinstatement, FedEx bears the burden of proving that its offer was, indeed, unconditional. <u>See</u> <u>Boehm v. American Broadcasting Co.</u>, 929 F.2d 482, 485 (9th Cir. 1991). The burden then shifts to Calef to establish that an exceptional circumstance exists which justifies her rejection of the offer. <u>See</u> <u>id.</u>

The Court then found that reopening discovery for this limited purpose is necessary to allow Calef the opportunity to meet her burden. However, due to the exceptional prejudice to Calef that would result from postponing the trial, the Court ordered that FedEx provide the necessary discovery to Calef within fifteen days of the date of this order.

In summary, the Court **SUSTAINED** Calef's objections to Magistrate Judge Kaull's Order of November 15, 2007 and **ORDERED** that FedEx provide the requested documents to Calef within fifteen (15) days of this order.

The Clerk of the Court is directed to transmit copies of this Order to counsel of record.

Dated: December 7, 2007

                                          /s/ Irene M. Keeley  
                                          IRENE M. KEELEY  
                                          UNITED STATES DISTRICT JUDGE